Judge Owsley
delivered the Opinion of the Court.
On the 26th of September, 1821, there issued from the clerk’s office of the Fleming circuit court, an execution in favor of George W. Bruce, iigainst the estate of Henry Halbert, for six hundred and fifty-six dollars damages, and sixty-four dollars and fourteen cents cost, directed to the sheriff of Lewis county, and returnable on the Saturday sue* ’ceetling the fourth Monday in November next after the date of the execution-. Upon that execution there is the following endorsement, to-wit: “Came to hand the 29th of October, 1821, and not executed ■in consequence of sickness. John Dyall, S. L. C,”
On the 11th of May, 1822, Bruce, in whose favor the execution issued, drew up a notice, in which he informed Dyall, the sheriff, that he would move the circuit court of Fleming, ón the second day of the next Fleming circuit court, thereafter, for a judgment against him for the amount of the execution 'and thirty per centum damages thereon, for his having failed to return the execution to the office from whence it emanated, within thirty days after the day to which the execution was returnable.
The notice was regularly served upon Dyall, and he having appeared and contested the recovery 'against him, the court rendered judgment in his favor against Bruce.
When the sheriff is prevented from j returnir'a: an excution in tune, by sickness, he may not be liable to the motion and tho damages imposed by tho act.
But, in such ease, the statement of the cause of tho failure to return (lu; execution in time, made , by the sheriff in his return after the thirty dajs, is no evidence for him.
Sheriff cannot make evidence for himself by stating in his return an excuse for not performing his duty.
It is not denied but what tlie execution was not returned by Dyall until after tile lapse of more than thirty days, from the day to which it was returnable; hut in argument it was contended that Dyall, on the trial of the motion, allowed a sufficient excuse for his failure to make the return, and lienee it was insisted that the court was correct in rendering judgment against Bruce. If in consequence of sickness, Dyall had been unable to return the execution within the time prescribed by the act under which the motion of Bruce was made, we should be inclined to tlie opinion, that his failure to make the return could not subject him to the penalties of the act.
But io authorize tho judgment which was rendered in his favor on that ground, proof of his sickness should harm been made to the court, on the trial of the motion. No evidence going to establish the fact of his sickness, however, was produced. The re1turn made by Dyall upon (lie execution was, it is true, read upon tlie trial, and in that return Iiis sickness is assigned as the cause of his not having levied tlie execution in due time; but it surely will not bo seriously contended by any one, that a suggestion of the sort by an officer in bis return, forms any evidence for him in a proceeding to charge him for neglecting to perform the duties of his office.
Whether or not the money be made by a sheriff under an execution, it is incumbent upon him to return the truth of the case, but lie is not required to return any excuse which he may have for not performing the duties of his office, and if he should do so, it would he contrary to well established princi-1 jiles, to allow the return made by himself, to be evidence of the fact returned, in his favor.
But it is not upon the return of the sheriff th at reliance was made in argument to support the judgment of the circuit court. It was proved that whilst the execution was in the hands of tho sheriff, but after tlie return day thereof, a letter was addressed to Dyall, by Bruce, in which Bruce complains of the negligence of Dyall in not having performed his duty in relation to the execution, and admonishing him to make return of the execution which he then *127 held, and to take out another and proceed to collect the money. The letter bears date the 8th of December, 1821, and was proved to have been sent by ■Bruce to Dyall, but the precise day when Dyall received it does not distinctly appear. It was, also proved, that the execution was returned by Dyall to the office of the clerk from whence it issued, on the 23rd day of January, 1822, and that on the same day another execution was issued by the clerk in favor of Bruce, against the estate of Halbert, for the same amount, and directed, also, to the sheriff of Lewis county. This latter execution was levied by Dyall upon two tracts of land, the property of Halbert; one of which was sold by Dyall, to Bruce, at public auction, at the price of three hundred dollars, and the balance of the amount for which the execution issued, was replevied by Halbert. There was no evidence going to prove that any objections to the sale were made by Bruce, or that any suggestions were made by him at the time, that the execution had issued without his authority. It was upon these facts that the court below decreed that Dyall Was excused for failing to return the execution within the time prescribed by the act, and it is upon the same facts that the judgment of that court was attempted, in argument, to be sustained.
Excuse for not returning rujed.
The principle is not however discerned, upon which the decision .of the court can be sustained.
There is evidently nothing in the letter which was addressed by Bruce to Dyall, from which any thing favorable to Dyall can he interred. Thfe letter must, in all reasonable probability, have been received by Dyall sufficiently soon to have enabled him to return the execution which first issued and which was then in his hands, before thirty days after the return day, and so far from suggesting a willingness on the part of Bruce, that Dyall might hold up the execution until after the thirty days should pass away, the letter complains of the delay which hud then taken place and warns Dyall not further to neglect his duty in making the return. Instead, therefore, of authorizing Dyall to hold up the execution, the letter furnishes strong evidence of Dyall’s hav *128 iug been informed by Bruce that he might expect no favour if be should neglect speedily and according to law, to return the execution.
Issuing a second execution, after sheriff has failed to return the first J'or thirty-days, does not affect the liability of the sheriff to the motion, and thirty per cent damages, under the act.
But the sheriff shall have credit for the amount made on the subsequent execution by a sale before the motion made.
Where the amount of an execution is recovered against a sheriff, for failing- to return it in time, he shall have the plaintiff’s interest in the demand, and may use the plaintiff’s name to enforce it.
It is true, that after the execution was returned, another issued, and that, at a sale made by that latter execution, Bruce purchased a tract of land at the price of three hundred dollars. But the execution under which that sale was made, did not issue until after Dyall, by his failure to return the first execution, had become liable for the amount of the execution and damages, and we apprehend that, by the after conduct of Bruce in making the purchase of the land, Dyall was not absolved from that liability.
By that purchase Brace received three hundred dollars of his demand, and after having received that much he ought not to be allowed again to recover it from any one. For the amount of Bruce’s purchase, therefore, Dyall should have a deduction from his pre-existing liability, but beyond that, no principle is perceived upon which the conduct of Brace can be admitted to operate as a discharge.
It has heretofore been decided by this court, (1 Littell R. 137,) that the sheriff against whom the amount of an execution has been recovered by the plaintiff, for his not having returned it within the time prescribed by law, is entitled to the beneficial interest in the demand against the defendant in the execution, and if so, the sheriff, after a recovery against him, should Ire allowed to use the name of the plaintiff in the execution, for the purpose of making the money out of the estate of the defendant. As Dyall would therefore, have been at liberty to use the name of Bruce to make the money out of the estate of Halbert, if arecoveryhadbeenhadby Brace against him, for not making due return of the first execution, the conduct of Bruce at the sale made under the execution which issued after Dyall had, by failing to return the first execution, subjected himself to liability, though that conduct be construed to be an implied approval of the sale by Brace, proves nothing incompatible with the right of Bruce still to pursue the liability of Dyall, for the residue of his demand, not satisfied by his pur-; *129 ¡chase at the saje. At most, Bruce, by purchasing at the sale,'can only be understood to have approved the conduct of Dyall in using his name to make the money out of the estate of Halbert, so as thereby to enable Dyall, by raising the money to discharge the amount for which, by his neglect in not returning the first execution, he had become liable.
Hoggin and Loughborough, for appellant; Criiten,.den, for appellee.
The court ought not, therefore, to have given judgment against Bruce. The judgment must bp reversed with cost, the cause remanded to the court below, and judgment there entered in favor of Bruce, in conformity with the principles of this opinion.

,Chief Justice Bibb did not sit in this case.